IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 16-cv-02060-CMA-MJW

TERANCE DEJUAN WILSON,

Plaintiff,

v.

C.S.P. WARDEN ROMERO,
C.S.P. SGT. CHASE,
C.S.P. CPT. BARBERO,
C.S.P. LT. MCVEIGH,
C.S.P. LT. LANGONI,
C.S.P. CO. LEA, and
C.S.P. C.M. JAMES OLSON,

Defendants.

MINUTE ORDER

Entered by Magistrate Judge Michael J. Watanabe

      It is hereby ORDERED that Plaintiff's Motion to Cure Any Deficiencies in Amended Complaint and Add Defendants (Docket No. 35) is GRANTED for the reasons stated below. It is further ORDERED that as of the date of this Minute Order, the Clerk of the Court shall accept Plaintiff's Fourth Amended Complaint (Docket No. 35-1) for filing. Defendants shall respond in accordance with Fed. R. Civ. P. 15(a)(3).

      Pursuant to Fed. R. Civ. P. 15(a)(2), "[t]he court should freely give leave [to amend] when justice so requires." "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Bylin v. Billings*, 568 F.3d 1224, 1229 (10th Cir. 2009) (quoting *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993)). "The liberal granting of motions for leave to amend reflects the basic policy that pleadings should enable a claim to be heard on its merits." *Carr v. Hanley*, 2009 WL 4693870, *1 (D. Colo. Dec. 3, 2009) (quoting *Calderon v. Kansas Dep't of Soc. & Rehab. Servs.*, 181 F.3d 1180, 1186 (10th Cir. 1999)).

      Defendants have not filed a response in opposition to the motion and their time to do so has elapsed. D.C.COLO.LCivR 7.1(d). The Court's own review of the motion and the entire case file leads to the conclusion that Plaintiff should be given one last

1

opportunity to amend his claims. However, as this is Plaintiff's *fourth* amended complaint, Plaintiff is warned that this case must proceed. He cannot continue to amend his claims in order to avoid an adjudication on the merits of his claims.

It is further ORDERED that Defendants' Motion to Dismiss (Docket No. 32) is DENIED as moot as the motion is directed to an inoperative, superceded pleading. *See, e.g., Gilles v. United States*, 906 F.2d 1386, 1389 (10th Cir. 1990) (stating that "a pleading that has been amended under Rule 15(a) supersedes the pleading it modifies") (internal quotation marks omitted).

Date: April 19, 2017